UNITED STATES, Appellant,

v.

Private First Class Adrian G. MORRIS, 345–58–5966, United States Army, Appellee.

ACMR Misc. 8702018.

U.S. Army Court of Military Review.

15 Oct. 1987.

For Appellant: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Melissa Wells–Petry, JAGC, Captain Karen L. Taylor, JAGC (on brief).

For Appellee: Lieutenant Colonel Charles A. Zimmerman, JAGC, Major Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Keith W. Sickendick, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## MEMORANDUM OPINION

### PER CURIAM:

The case is before the court pursuant to Article 62 of the Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 862 (Supp. I 1983), for consideration of the government's interlocutory appeal from a ruling of the military judge which excluded from evidence the results of appellee's Human T–Lymphotrophic Virus Type III (HTLV–III), also known as Human Immunodeficiency Virus (HIV), test.

On 6 August 1987 the military judge granted a defense motion to suppress the test results and on 28 August 1987 denied the government's motion to reconsider.

We find that the military judge erred in suppressing the test results. Appellee is charged with offenses alleging, *inter alia,* that, while knowing that he was infected with HIV and that it (HIV) can be sexually transmitted, he engaged in sexual intercourse and sodomy with others. Appellant, at trial, intended to introduce into evidence the results of appellee's HTLV–III test in order to demonstrate knowledge of infection. The military judge after hearing the motion [1] held that the test results were privileged and not admissible, stating that "the DA Letter of February of '86 says that the results of AIDS Testing may not be used in UCMJ actions." [2]

---

1. The motion was styled by appellee as "Motion for Appropriate Relief indicating that the test results and epidemiologic-assessment interview is by DOD and DA Directive privileged and can't be used at a court-martial...." Record of trial 48.

2. Department of Army Letter, 40–86–1, 1 Feb 86, subject: Policy for Identification, Surveillance, and Disposition of Personnel Infected with Human T–Lymphotrophic Virus Type III (HTLV–III) para. 13:

Under the circumstances of this case the test results are not privileged. The purpose of the stated privilege is to preclude disciplinary or other adverse actions based solely upon a test result (indicating possible past misconduct) or information of past misconduct revealed during a post-test interview of an individual testing positive. As such, the privilege is a form of limited immunity granted for possible past criminal misconduct and does not prohibit use of the test results where they directly relate to future misconduct. Here the basis of the disciplinary action is not the mere presence of HIV antibodies but rather conduct alleged to have occurred after the test and with knowledge of HIV infection.

In light of our disposition of this case, we need not now decide whether the military judge erred in refusing the government's request for reconsideration or whether, indeed, such a ruling is appealable under Article 62.[3]

The appeal of the United States is granted. The ruling of the military judge is vacated, and the record will be returned to the military judge for action.

d. Limitations on the Use of Information. (1) Results obtained from laboratory tests for HTLV–III performed under this policy and information concerning personal drug use or consensual sexual activity disclosed by a soldier as part of an epidemiological assessment under this policy may not be used against the service member in actions under the Uniform Code of Military Justice, in a line of duty determination, or on the issue of characterization in separation proceedings. Such information may not be used as the basis for separation of the service member except for (a) separation based upon physical disability, (b) separation for the convenience of the government after a hearing before a board of officers and approval by the Secretary or an Assistant Secretary of the Army, or (c) in accordance with reference h. (Note: Information divulged by soldiers concerning matters other than personal drug use or consensu-

al sexual activities is not limited by this policy.) (2) The limitations in paragraph d(1) above do not apply to: (a) The introduction of evidence for impeachment or rebuttal purposes in any proceeding in which the evidence of drug abuse or relevant sexual activity (or lack thereof) has been first introduced by the service member; (b) Disciplinary or other action based on independently derived evidence.

. . . .

3. Article 62 provides for appeal by the United States of any "order or ruling of the military judge which terminates the proceedings with respect to a charge or specification or which excludes evidence that is substantial proof of a fact material in the proceeding."